Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Kerry B. Brownlee (KB 0823)
kbrownlee@ipcounselors.com
Dwana S. Dixon (DD 0609)
ddixon@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone: (212) 292-5390
Facsimile: (212) 292-5391
*Attorneys for Plaintiff*
*Skyrocket LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SKYROCKET LLC<br>*Plaintiff*<br><br>v.<br><br>ROYAL DELUXE ACCESSORIES LLC,<br>*Defendant* | CIVIL ACTION No. 19-cv-5122<br><br>**COMPLAINT**<br><br>**Jury Trial Requested** |

Plaintiff Skyrocket LLC, a limited liability company organized in California, ("Skyrocket" or "Plaintiff"), by and through its undersigned counsel, allege as follows:

**NATURE OF THE ACTION**

1.      This action involves claims for copyright infringement of Skyrocket's federally registered copyrights in violation of the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq*.; and a related common law claim (the "Action"), arising from Defendant Royal Deluxe Accessories LLC's ("Royal Deluxe" or "Defendant") infringement of Skyrocket's Pomsies Works (as defined *infra*), including, without limitation, by manufacturing, importing, exporting, advertising,

marketing, promoting, distributing, displaying, offering for sale, and/or selling unlicensed, infringing versions of Skyrocket's Pomsies Products (as defined *infra*).

## JURISDICTION AND VENUE

2.     This Court has federal subject matter jurisdiction over the claims asserted in this Action pursuant to 28 U.S.C. §§ 1331 and 1338(a), as well as pursuant to the Copyright Act, 17 U.S.C. §§ 101 *et seq*.; and pursuant to 28 U.S.C. § 1332, as there is diversity between the parties and the matter in controversy exceeds, exclusive of interests and costs, the sum of seventy-five thousand dollars.  This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a), as the claim asserted thereunder is so closely related to the federal claim brought in this Action as to form part of the same case or controversy.

3.     Personal jurisdiction exists over Defendant in this judicial district pursuant to N.Y.C.P.L.R. § 301 because, upon information and belief, Defendant is a New York limited liability company, is domiciled within the State of New York, regularly conducts business in New York and in this judicial district, and/or otherwise avails itself of the privileges and protections of the laws of the State of New York such that this Court's assertion of jurisdiction over Defendant does not offend traditional notions of fair play and due process.

4.     Venue is proper, *inter alia*, pursuant to 28 U.S.C. § 1391 because, upon information and belief, Defendant resides and conducts business in this judicial district, a substantial part of the events or omissions giving rise to the asserted counts occurred in this judicial district, and harm to Plaintiff has occurred in this district.

## THE PARTIES

5.     Skyrocket is a company organized in California, with a principal place of business at 12910 Culver Boulevard, Suite F, Los Angeles California, 90066.

6.      Upon information and belief, Royal Deluxe is a New York limited liability company, having a principal place of business at 390 Fifth Avenue, Room 505, New York, New York 10018.

## GENERAL ALLEGATIONS

### Skyrocket and Its Well-Known Pomsies Products

7.      Plaintiff is a leading global manufacturer and tech-entertainment company that designs and sells innovative consumer electronics, gaming products and children's toys under its well-known brands, including Pomsies, as well as other proprietary properties, such as Recoil, Sky Viper and Mebo ("Skyrocket Product(s)").

8.      Plaintiff sells its Skyrocket Products throughout the U.S. and the world through major retailers, quality toy stores, department stores and online marketplaces, including, but not limited to, Walmart, Target and Amazon.com.

9.      One of Plaintiff's most recent and successful Skyrocket Products is Pomsies, which are interactive plush toy pets that children can play games with, cuddle and wear as accessories ("Pomsies Products").  Pomsies Products look like giant pom-poms that feature large, sparkly eyes and ears with a long, bendable tail that can wrap around a child's wrist, hair or backpack to take them on the go.

10.       Pomsies Products not only react to touch and movement through hidden sensors built into the plush, but their eyes also change colors to reflect their moods.  Pomsies Products can have up to 50 different reactions.

11.      Currently, there are thirteen different Pomsies Products to collect, ranging from Boots the Cat to Sydney the Koala to Luna the Unicorn and more.  Images of some of Skyrocket's Pomsies Products are attached hereto as **Exhibit A** and incorporated herein by reference

12.     The Pomsies Products have been named one of the "hottest toys for 2018" by *New York Magazine* and were included in *Amazon's 2018 Holiday Toy List*.[1]

13.     Pomsies Products retail for approximately $15.00 each.

14.     Plaintiff owns all registered and unregistered intellectual property rights in its Pomsies Products, including all registered and unregistered copyrights in and related to the Pomsies Products.

15.     For example, Skyrocket is the owner of the following U.S. Copyright Registration Nos.: VA 2-127-288, covering the Pomsies Cat, VA 2-127-368, covering the Pomsies Dog, VA 2-127-287, covering the Pomsies Dragon, VA 2-127-381, covering the Pomsies Koala, VA 2-127-371, covering the Pomsies Unicorn and VA 2-127-295, and covering the Pomsies Packaging (collectively, "Pomsies Works").  True and correct copies of the registration certificates and deposit materials for the Pomsies Works are attached hereto as **Exhibit B** and incorporated herein by reference.

16.     Skyrocket has spent substantial time, money and effort in building up and developing consumer recognition, awareness and goodwill in its Pomsies Products and Pomsies Works.

17.     The success of the Pomsies Products is due in large part to Skyrocket's marketing, promotion and distribution efforts.  These efforts include, but are not limited to, the advertising and promotion of the Pomsies Products through nationwide television advertising campaigns for the Pomsies Products, print and internet-based advertising and publicity for the Pomsies Products,

---

[1] Liza Corsillo, *The 21 Holiday Toys to Buy Now Before They Sell Out, According to Trend Forecasters* (Nov. 6, 2018), NEW YORK MAGAZINE,  http://nymag.com/strategist/article/top-kids-toys-for-christmas.html/;  Remi Rosmarin, *Amazon predicts these will be the 100 hottest toys every kid wants this holiday season* (October 13, 2018), BUSINESS INSIDER, https://www.businessinsider.com/amazon-best-toys-games-holidays-christmas-2018-9.

placement of the Pomsies Products at dozens of authorized major retail outlets, both domestically and abroad, and Skyrocket's participation in trade shows.

18.     Skyrocket's and the Pomsies Products' successes are also due to Skyrocket's use of high-quality materials and processes in making the Pomsies Products.

19.     Additionally, Skyrocket owes a substantial amount of the success of the Pomsies Products to its consumers and the word-of-mouth buzz that its consumers have generated.

20.     As a result of Skyrocket's efforts, the quality of its Pomsies Products, its promotions, extensive press and media coverage, and word-of mouth-buzz, the Pomsies Products, and Pomsies Works have become prominently placed in the minds of the public.  Members of the public have become familiar with the Pomsies Products and Pomsies Works and have come to recognize the Pomsies Products and Pomsies Works and associate them exclusively with Skyrocket.

21.     Skyrocket and its Pomsies Works have acquired a valuable reputation among the public as a result of such associations.

22.     Skyrocket has gone to great lengths to protect its interests in and to the Pomsies Works.  No one other than Skyrocket is authorized to manufacture, import, export, advertise, offer for sale, or sell any goods utilizing the Pomsies Works without the express written permission of Skyrocket.

### Defendant's Wrongful and Infringing Conduct

23.     In light of Skyrocket's enormous success, particularly with respect to the Pomsies Products, as well as the reputation that they have gained, Skyrocket and its Pomsies Products have become targets for unscrupulous individuals and entities that wish to exploit the goodwill, reputation, and fame Skyrocket has amassed in its Pomsies Products and Pomsies Works.

24.     Skyrocket investigates and enforces against such activity, and through such efforts, learned of the Defendant's actions, which vary and include, but are not limited to, manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, and/or selling products bearing one or more of Skyrocket's Pomsies Works, and/or products in packaging and/or containing labels and/or artwork that is/are substantially similar to one or more of Skyrocket's Pomsies Works, and/or products that are identical or substantially similar to the Pomsies Products (hereinafter referred to as "Infringing Product(s)") to U.S. consumers, including those located in the State of New York, through, at a minimum, its exhibition at the Toy Fair New York, and upon information and belief, third party retailers.

25.     Plaintiff first became aware of Defendant's infringing activities on or about February 2019 when it came to Plaintiff's attention that Defendant's Infringing Products were on display at the 2019 Toy Fair New York—an important, annual global, toy industry trade show, attended        by        more        than        30,000        professionals.        *See* https://www.toyassociation.org/PressRoom2/News/2019-news/2019s-hottest-toys-games-on-display-at-toy-fair-new-york.aspx.  A true and correct photograph, taken by Plaintiff's counsel, of Defendant's Infringing Products that were displayed at the 2019 Toy Fair New York is attached hereto as **Exhibit C.**

26.     Thereafter, on February 20, 2019 Plaintiff's counsel sent a cease and desist letter to Defendant (the "Royal Deluxe C&D").  A true and correct copy of the Royal Deluxe C&D is attached hereto as **Exhibit D.**

27.     A side-by-side comparison of one of Plaintiff's Pomsies Products to one of Defendant's Infringing Products displayed at the 2019 Toy Fair New York appears below:

| **Pomsies Product** | **Infringing Product** |
|---|---|
|  |  |

28.    Defendant is not, and has never been, authorized by Skyrocket or any of its authorized agents to copy, manufacture, import, export, advertise, distribute, offer for sale, or sell the Pomsies Products or to use Skyrocket's Pomsies Works, or any artwork that is substantially similar to the Pomsies Works.

29.    By these dealings in Infringing Products (including, without limitation, copying, manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, and/or selling Infringing Products), Defendant has violated Skyrocket's exclusive rights in its Pomsies Works, and has used images, designs and/or artwork that are substantially similar to, identical to, and/or constitute infringement of Skyrocket's Pomsies Works in order to confuse consumers into believing that such Infringing Products are Skyrocket's Pomsies Products and aid in the promotion and sales of its Infringing Products.  Defendant's conduct began long after Skyrocket's adoption and use of its Pomsies Works, and after Skyrocket's Pomsies Products became well-known to the purchasing public.

30.    Prior to and contemporaneous with its actions alleged herein, Defendant had knowledge of Skyrocket's ownership of its Pomsies Works, of the fame and incalculable goodwill associated therewith, and of the popularity and success of the Pomsies Products, and in bad faith adopted Skyrocket's Pomsies Works.

31.     Defendant has been engaging in the illegal infringing actions, as alleged herein, knowingly and intentionally, or with reckless disregard or willful blindness to Skyrocket's rights, or in bad faith, for the purpose of trading on the goodwill and reputation of Skyrocket, Skyrocket's Pomsies Works, and Pomsies Products.

32.     In committing these acts, Defendant has, among other things, willfully and in bad faith infringed the Pomsies Works; and has profited from such activities at Skyrocket's expense.

33.     Unless enjoined, Defendant will continue to cause irreparable harm to Skyrocket.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### (Federal Copyright Infringement)
### [17 U.S.C. § 501(a)]

34.     Skyrocket repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

35.     Skyrocket is the exclusive owner of the Pomsies Works.

36.     Defendant had actual notice of Skyrocket's exclusive rights in and to the Pomsies Works.

37.     Defendant did not attempt and therefore inherently failed to obtain Skyrocket's consent or authorization to use, manufacture, reproduce, copy, display, prepare derivative works of, distribute, sell, transfer, rent, perform, and/or market Skyrocket's Pomsies Products and/or Pomsies Works.

38.     Without permission, Defendant knowingly and intentionally reproduced, copied, and displayed Skyrocket's Pomsies Works by manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, and/or selling Infringing Products that bear such Pomsies Works, or artwork that is, at a minimum, substantially similar to

Skyrocket's Pomsies Works.

39.     Defendant's unlawful and willful actions as alleged herein constitute infringement of Skyrocket's Pomsies Works, including Skyrockets' exclusive rights to reproduce, distribute, and/or sell such Pomsies Works in violation of 17 U.S.C. § 501(a).

40.     Defendant's knowing and intentional copyright infringement, as alleged herein, has caused substantial and irreparable harm to Skyrocket in an amount as yet unknown but to be proven at trial, for which Skyrocket has no adequate remedy at law, and unless enjoined, Defendant will continue to cause, substantial and irreparable harm to Skyrocket.

41.     Based on Defendant's wrongful conduct, Skyrocket is entitled to injunctive relief, Skyrocket's actual damages and Defendant's profits in an amount to be proven at trial and enhanced discretionary damages for willful copyright infringement, and reasonable attorneys' fees and costs.

**SECOND CAUSE OF ACTION**
**(Unfair Competition)**
**[New York Common Law]**

42.     Skyrocket repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

43.     By manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling, and/or otherwise dealing in the Infringing Products, Defendant has traded off the extensive goodwill of Skyrocket and its Pomsies Products to induce, and did induce and intends and will continue to induce, customers to purchase its Infringing Products, thereby directly competing with Skyrocket.  Such conduct has permitted and will continue to permit Defendant to make substantial sales and profits based on the goodwill and reputation of Skyrocket, which Skyrocket has amassed through its nationwide marketing,

advertising, sales, and consumer recognition.

44.     Defendant's advertising, marketing, promoting, distributing, displaying, offering for sale, selling, and/or otherwise dealing in the Infringing Products was and is in violation and derogation of Skyrocket's rights and is likely to cause confusion and mistake, and to deceive consumers and the public as to the source, origin, sponsorship, or quality of Defendant's Infringing Products.

45.     Defendant knew, or by the exercise of reasonable care should have known, that its advertising, marketing, promotion, distribution, display, offering for sale, sale, and/or otherwise dealing in the Infringing Products and its continuing advertising, marketing, promotion, distribution, display, offering for sale, sale, and/or otherwise dealing in the Infringing Products would cause confusion and mistake, or deceive purchasers, users, and the public.

46.     Upon information and belief, Defendant's aforementioned wrongful actions have been knowing, deliberate, willful, intended to cause confusion and mistake, and to deceive, in blatant disregard of Skyrocket's rights, and for the wrongful purpose of injuring Skyrocket and its competitive position while benefiting Defendant.

47.     As a direct and proximate result of Defendant's aforementioned wrongful actions, Skyrocket has been and will continue to be deprived of substantial sales of its Pomsies Products in an amount as yet unknown but to be determined at trial, for which Skyrocket has no adequate remedy at law, and Skyrocket has been and will continue to be deprived of the value of its Pomsies Works as commercial assets in an amount as yet unknown but to be determined at trial, for which Skyrocket has no adequate remedy at law.

48.     As a result of Defendant's actions alleged herein, Skyrocket is entitled to injunctive relief, an order granting Skyrocket's damages and Defendant's profits stemming from its

infringing activities, and exemplary or punitive damages for Defendant's intentional misconduct.

## PRAYER FOR RELIEF

**WHEREFORE**, Skyrocket prays for judgment against Defendant as follows:

A.      For an award of Skyrocket's actual damages and Defendant's profits, pursuant to 17 U.S.C. § 504(b) in an amount to be proven at trial for willful copyright infringement of Skyrocket's Pomsies Works under 17 U.S.C. § 501(a);

B.      In the alternative to Skyrocket's actual damages and Defendant's profits for copyright infringement of Skyrocket's Pomsies Works pursuant to 17 U.S.C. § 504(b), for statutory damages of up to $150,000 per infringement pursuant to 17 USC § 504(c) for willful copyright infringement, which Skyrocket may elect prior to the rendering of final judgment;

C.      For an award of damages to be proven at trial for common law unfair competition;

D.      For a preliminary and permanent injunction by this Court enjoining and prohibiting Defendant, or its agents, and any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns, and entities owned or controlled by Defendant, and all those in active concert or participation with Defendant, and each of them who receives notice directly or otherwise of such injunction from:

        i.   manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Infringing Products;

        ii.  directly or indirectly infringing in any manner any of Skyrocket's trademarks, copyrights, or other rights (whether now in existence or hereafter created) including, without limitation Skyrocket's Pomsies Works;

        iii. using any reproduction, counterfeit, copy or colorable imitation of

Plaintiff's trademarks, copyrights, or other rights (whether now in existence or hereafter created) including, without limitation, Skyrocket's Pomsies Works to identify any goods or services not authorized by Skyrocket;

iv. using any of Skyrocket's trademarks, copyrights, or other rights (whether now in existence or hereafter created) including, without limitation, Skyrocket's Pomsies Works or any other artwork that is substantially similar to Skyrocket's Pomsies Works on or in connection with Defendant's manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling, and/or otherwise dealing in Infringing Products;

v. using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake, and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale, or sold by Defendant with Skyrocket, and/or as to the origin, sponsorship, or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale, or sold by Defendant and Defendant's commercial activities by Skyrocket;

vi. engaging in the unlawful, unfair, or fraudulent business acts or practices, including, without limitation, the actions described herein, including the of advertising and/or dealing in any Infringing Products;

vii. engaging in any other actions that constitute unfair competition with

Skyrocket;

    viii.   engaging in any other act in derogation of Skyrocket's rights;

    ix.   secreting, destroying, altering, removing, or otherwise dealing with the Infringing Products or any books or records that contain any information relating to manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Infringing Products;

    x.   effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in any Final Judgment or Order in this action; and

    xi.   instructing, assisting, aiding or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs (i) through (x) above; and

E.    For an order of the Court requiring that Defendant recall from any distributors and retailers and deliver up to Skyrocket for destruction any and all Infringing Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of such distributors and retailers that infringe any of Skyrocket's trademarks, copyrights, or other rights including, without limitation, Skyrocket's Pomsies Works, or bear any artwork that is substantially similar to Skyrocket's Pomsies Works;

F.    For an order from the Court requiring that Defendant provide complete accountings for any and all monies, profits, gains and advantages derived by Defendant from its manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying,

offering for sale, sale and/or otherwise dealing in Infringing Products as described herein, including prejudgment interest;

        G.     For an order from the Court that an asset freeze or constructive trust be imposed over any and all monies, profits, gains and advantages in Defendant's possession which rightfully belong to Skyrocket;

        H.     For an award of exemplary or punitive damages in an amount to be determined by the Court;

        I.     For Skyrocket's reasonable attorneys' fees;

        J.     For all costs of suit; and

        K.     For such other and further relief as the Court may deem just and equitable.

## **DEMAND FOR JURY TRIAL**

Skyrocket respectfully demands a trial by jury on all claims.

Dated: May 31, 2019              Respectfully submitted,

                            **EPSTEIN DRANGEL LLP**

                            BY:    /s/ Dwana S. Dixon____
                                      Dwana S. Dixon (DD 0609)
                                      ddixon@ipcounselors.com
                                      Jason M. Drangel (JD 7204)
                                      jdrangel@ipcounselors.com
                                      Ashly E. Sands (AS 7715)
                                        asands@ipcounselors.com
                                      Kerry B. Brownlee (KB 0823)
                                        kbrownlee@ipcounselors.com
                                      New York, NY 10165
                                      Telephone: (212) 292-5390
                                      Facsimile: (212) 292-5391
                                      *Attorneys for Plaintiff*
                                      *Skyrocket LLC*